**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL SEGAL, an individual, | No. 12-55587 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-05650-DSF-AJW |
| v. | |
| ROGUE PICTURES, a business entity, form unknown; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 7, 2013**
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Plaintiff Daniel Segal appeals the district court's orders granting

Defendants' motion for judgment on the pleadings and denying Plaintiff's motion

for leave to amend his complaint. Reviewing de novo the judgment on the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

pleadings, <u>Heliotrope Gen., Inc. v. Ford Motor Co.</u>, 189 F.3d 971, 978 (9th Cir. 1999), and the denial of leave to amend for abuse of discretion, <u>AmerisourceBergen Corp. v. Dialysist W., Inc.</u>, 465 F.3d 946, 949 (9th Cir. 2006), we affirm.

1. An objective comparison of the specific expressive elements of Plaintiff's book and screenplay and Defendants' film reveals that these works are not substantially similar under any standard. <u>See</u> <u>Funky Films, Inc. v. Time Warner Entm't Co.</u>, 462 F.3d 1072, 1077 (9th Cir. 2006) (articulating the substantial-similarity test in the absence of the inverse-ratio rule); <u>Metcalf v. Bochco</u>, 294 F.3d 1069, 1073 (9th Cir. 2002) (articulating the substantial-similarity test when applying the inverse-ratio rule). Plaintiff claims infringement of his <u>psychological-thriller</u> novel and screenplay about the regression therapy escapades and Catholic musings of a California therapist by Defendants' <u>horror</u> film about a Jewish family haunted over generations by a dybbuk—that is, an otherworldly spirit from Jewish mysticism that enters this world through twins. Plaintiff's works do depict a client of the therapist who is haunted by an identical twin, having died at birth, that wants revenge against the surviving twin for stealing her identity. Defendants' film also includes the plot feature of twins as the ground for haunting by the dybbuk of this particular family. Sharing a simple plot feature,

2

however, is insufficient to satisfy the extrinsic test for substantial similarity. Cavalier v. Random House, Inc., 297 F.3d 815, 828–29 (9th Cir. 2002). Other than the generic plot feature of twins and hauntings, the selection and sequencing of these works have no relationship to one another—identical, fraternal, or otherwise. See Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1446 (9th Cir. 1994) ("[T]he unprotectable elements have to be identified, or filtered, before the works can be considered as a whole."). Plaintiff claims that factual disputes remain around the issue of access. Yet, "[n]o amount of proof of access will suffice to show copying if there are no similarities." Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1172 (9th Cir. 1977), superseded on other grounds by 17 U.S.C. § 504(b). Accordingly, we hold that the district court properly granted Defendants' motion for judgment on the pleadings.

2. The district court did not abuse its discretion in denying Plaintiff's motion for leave to amend his pleadings and file a third amended complaint. AmerisourceBergen, 465 F.3d at 953–54. Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires." Id. at 951 (internal quotation marks omitted). A district court may, however, deny leave to amend upon consideration of several factors, including prejudice to the opposing party, bad faith, undue delay, and futility. Id. Plaintiff produced an undue delay in

3

the litigation by moving to amend <u>after</u> he filed a request for dismissal of his sole remaining claim and on the final day set by the court to <u>hear</u> motions for leave to amend. Plaintiff's only provided reason for the delay was that he had lost the evidence in support of the claim among his own possessions and had only recently located it. <u>See</u> <u>id.</u> at 953 ("[I]n evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." (internal quotation marks omitted)). Plaintiff sought leave to assert a single claim against a defendant that had been dismissed from the case over a year earlier and would have unduly prejudiced that defendant with his late claim. <u>Jackson v. Bank of Haw.</u>, 902 F.2d 1385, 1387 (9th Cir. 1990) (holding that prejudice to the opposing party is the most important factor in denying leave to amend).

**AFFIRMED.**